UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: UNIFIED MESSAGING SOLUTIONS
LLC PATENT LITIGATION                                                                MDL No. 2371


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Time Warner Cable Inc. seeks centralization in the Northern District of Illinois. This litigation currently consists of sixteen actions, pending in three districts, listed on Schedule A.[1]

Six defendants[2] support or do not oppose the motion. Three defendants[3] suggest centralization in the Northern District of California. Patentholder Unified Messaging Solutions LLC (UMS) suggests centralization in the Eastern District of Texas but opposes inclusion of the first-filed *Google* and *Facebook* actions. Six defendants[4] oppose centralization. If the Panel deems centralization to be appropriate, two of these defendants support the Northern District of Illinois as transferee district, and two of them suggest centralization in the Eastern District of Missouri. More than 20 additional defendants have not responded to the motion.

UMS is the exclusive licensee of five patents,[5] which all name Charles R. Bobo as the sole inventor. The patents all spring from a patent application filed in April 1995, claim priority to that 1995 application, and share a common specification. The actions currently before the Panel are

---

[*] Judges Marjorie O. Rendell and Charles R. Breyer did not participate in the decision of this matter.

[1] Two additional actions were included in the motion for centralization, but those actions have since been dismissed. Additionally, the parties have notified the Panel of 23 related actions pending in the District of Delaware, the Southern District of Florida, the Southern District of New York, the Eastern District of Texas, and the Western District of Texas. These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

[2] Charter Communications, Inc.; Comcast Corp.; Cequel Communications, LLC d/b/a Suddenlink Communications; Windstream Corp.; Facebook, Inc.; and United Air Lines, Inc.

[3] Twitter, Inc.; Yahoo! Inc.; and eBay Inc.

[4] Walgreen Co.; Commerce Bancshares, Inc.; Scottrade, Inc.; Laclede Gas Co.; Sprint Nextel Corp.; and Groupon, Inc.

[5] U.S. Patent Nos. 6,857,074; 7,836,141; 7,895,306; 7,895,313; and 7,934,148 (the '148 patent).

- 2 -

infringement actions brought by UMS involving the '148 patent.[6] The '148 patent describes an invention directed to the delivery of a "mark-up language file" following a user's response to a "notification" transmitted to the user. UMS appears to be asserting infringement of the patent by defendants who operate websites that have a feature enabling email or email-like communication with customers or users.

Opposing defendants principally argue that any common factual issues among the actions are subsumed by unique factual issues presented by the multitude of defendants, which hail from a variety of industries, and the multiple additional patents asserted in only some of the actions.[7] There may be some differences in how UMS alleges that each defendant's website infringes the '148 patent, but the Panel has consistently held that "[t]ransfer under Section 1407(a) does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *See In re: Maxim Integrated Prods., Inc., Patent Litig.*, MDL No. 2354, 2012 WL 2126807, at *4 (J.P.M.L. Jun. 11, 2012). Even if there are some unique factual issues regarding infringement, there will certainly be overlapping discovery and common factual questions with regard to validity of the '148 patent and, in several cases, the remaining four patents in this same patent family. Indeed, in the Eastern District of Texas *Facebook* and *Google* actions, all 26 defendants served one common set of claim terms for construction, and there was one set of common invalidity contentions disclosed in each action. These sixteen actions involve common factual questions concerning the background of these patents, and centralization will place all actions before a single judge who can preside over discovery relating to the common patents, which will inform and aid the consistent construction of the patents' claims.

Accordingly, on the basis of the papers filed and hearing session held, we find that these sixteen actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions concern factual questions surrounding the interpretation, validity and enforceability of the '148 patent owned by UMS and relating to webmail or similar communications on defendants' websites. Several of the actions also will share factual questions surrounding the interpretation, validity and enforceability of the remaining four patents in this patent family. We are persuaded that centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

Plaintiff UMS does not oppose centralization, but rather opposes inclusion of the Eastern District of Texas *Facebook* and *Google* actions, which are more procedurally advanced than the

---

[6] All actions before the Panel initially claimed infringement of all five patents, but many of the complaints have been amended to assert only infringement of the '148 patent.

[7] Opposing defendants also argue that the Panel's denial of centralization in a previous motion involving the Eastern District of Texas *Facebook* action counsels in favor of denial of centralization here. We disagree, as the circumstances here are quite different. In that instance, the cases other than *Facebook* involved a different patent and were brought by a different plaintiff. *See In re: Charles R. Bobo Patent Litig.*, 829 F. Supp. 2d 1374 (J.P.M.L. 2011). Here, are all actions are brought by UMS and all actions claim infringement of the '148 patent.

remaining cases. A *Markman* hearing is scheduled to take place in those cases in September 2012. Proponents of centralization contend, however, that discovery is ongoing in those actions, and it appears that those actions can still realize the benefits of centralized proceedings. The status of the *Facebook* and *Google* actions, therefore does not preclude centralization, inasmuch as no action is significantly advanced and none of the claims of the involved patents have been construed by any court. Indeed, the Panel has previously found transfer of actions more advanced than the *Facebook* and *Google* actions to be appropriate. *See, e.g., In re: Bear Creek Techs. ('722) Patent Litig.*, MDL No. 2344, Conditional Transfer Order filed May 3, 2012 (conditionally transferring action in which discovery is complete and *Markman* hearing was held in December 2011). While we recognize that transfer of the *Facebook* and *Google* actions could result in some delay to these two cases, we balance that against the overall efficiencies gained.

We are persuaded that the Northern District of Illinois is an appropriate transferee district for pretrial proceedings in this litigation. Eight of the sixteen actions before the Panel are pending in that district, which is easily accessible and centrally-located for these widely spread parties, including several defendants located within the district. The Northern District of Illinois is participating in the national Patent Pilot Program, and Judge Joan Humphrey Lefkow, who is presiding over the *Walgreen* action and presided over the previously-pending *Careerbuilder* action, is one of the judges participating in that program.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Joan Humphrey Lefkow, for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Barbara S. Jones           Paul J. Barbadoro

IN RE: UNIFIED MESSAGING SOLUTIONS
LLC PATENT LITIGATION                                              MDL No. 2371

## SCHEDULE A

    Northern District of Illinois

Unified Messaging Solutions, LLC v. Discover Financial Services, C.A. No. 1:12-01487
Unified Messaging Solutions, LLC v. Groupon, Inc., C.A. No. 1:12-01488
Unified Messaging Solutions, LLC v. Orbitz, LLC, C.A. No. 1:12-01489
Unified Messaging Solutions, LLC v. Southwest Airlines Co., C.A. No. 1:12-01490
Unified Messaging Solutions, LLC v. UBS Financial Services, Inc., C.A. No. 1:12-01491
Unified Messaging Solutions, LLC v. United Air Lines, Inc., C.A. No. 1:12-01492
Unified Messaging Solutions, LLC v. Walgreen Co., C.A. No. 1:12-01493
Unified Messaging Solutions, LLC v. Northern Illinois Gas Company,
    C.A. No. 1:12-01494

    Eastern District of Missouri

Unified Messaging Solutions, LLC v. Commerce Bancshares, Inc., C.A. No. 4:12-00368
Unified Messaging Solutions, LLC v. Laclede Gas Company, C.A. No. 4:12-00369
Unified Messaging Solutions, LLC v. Scottrade, Inc. , C.A. No. 4:12-00370
Unified Messaging Solutions, LLC v. Sprint Nextel Corporation, C.A. No. 4:12-00371

    Eastern District of Texas

Unified Messaging Solutions, LLC v. Facebook, Inc. et al., C.A. No. 6:11-00120
Unified Messaging Solutions, LLC v. Google, Inc., et al., C.A. No. 6:11-00464
Unified Messaging Solutions, LLC v. American Airlines, Inc., C.A. No. 6:11-00653
Unified Messaging Solutions, LLC v. Intuit Inc., et al., C.A. No. 6:12-00085